UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14048-CV-ROSENBERG
MAGISTRATE JUDGE REID

WARD LAWRENCE KENYON,

    Plaintiff,

v.

 DERYL LOAR, *et al.,*

    Defendants.
_____/

**REPORT OF MAGISTRATE JUDGE**
**RE AMENDED CIVIL RIGHTS COMPLAINT-42 U.S.C. § 1983**
[ECF No. 17]

### I.    Introduction

Plaintiff, **Ward Kenyon,** a pretrial detainee, has filed an amended civil rights complaint, pursuant to 42 U.S.C. § 1983, raising claims of deliberate indifference to serious medical needs while detained at the Indian River County Jail. [ECF No. 17]. Plaintiff sues the following Defendants: (1) Sheriff Deryl Loar, Indian River County Sheriff; (2) Major Selby Strickland, Indian River County Jail Director; (3) Gary Silverman, Indian River County Jail Facility Health Authority, (4) Rosemary Jones, Director of Nurses; and (5) Yvonne Paz, previous Director of Nurses. [*Id.* at 2, 11].

This case has been referred to the undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B),(C) and S.D. Fla. Admin. Order 2019-02. [ECF No. 2].

This Cause is presently before the Court for screening of the Plaintiff's Amended Complaint [ECF No. 17], pursuant to 28 U.S.C. §1915(e) and 28 U.S.C. §1915A.

## II.   Standard of Review- 28 U.S.C. §1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), where a plaintiff is proceeding IFP, the complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018). Pursuant to § 1915A, a case is also subject to dismissal where a plaintiff seeks redress from the government if the complaint fails to state a claim on which relief may be granted. *Id.*

In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the light most favorable to the plaintiff. *See Maps v. Miami Dade State Attorney,* 693 F. App'x 784, 785 (11th Cir. 2018)(*per curiam*). Complaints filed by *pro se* prisoners are held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner,* 404 U.S. 519, 520 (1972)(*per curiam*). Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are

clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001).

In order to "avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018)(citing *Waldman v. Conway,* 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *See Griffin v. City of Opa-Locka,* 261 F.3d 1295, 1303 (11th Cir. 2001).

Furthermore, the same standards govern dismissal for failure to state a claim under Fed. R. Civ. P. 12(b) and dismissal for failure to state a claim under § 1915(e)(2)(B)(ii). *Mitchell v. Farcass,* 112 F.3d 1483, 1490 (11th Cir. 1997). Thus, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

3

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

Although federal courts give liberal construction to *pro se* pleadings, courts "nevertheless have required them to conform to procedural rules." *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)(*per curiam*)(quotation omitted). Rule 8 requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). There is no required technical form, but "each allegation must be simple, concise, and direct." *Id.* at 8(d)(1). The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)(quotation omitted)(ellipses in original). Additionally, each separate claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

"Precedent also teaches, however, that a court, of course, should not abandon its neutral role and begin creating arguments for a party, even an unrepresented one." *Sims v. Hastings,* 375 F.Supp.2d 715, 718 (N.D. Ill. 2005)(citing *Anderson v. Hardman,* 241 F.3d 544, 545 (7th Cir. 2001). When read liberally, a *pro se* pleading "should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir. 1996)(quoting *Burgos v. Hopkins,* 14 F.3d 787, 790 (2d Cir. 1994)).

### III.  Applicable Law

All of Plaintiff's claims allege that Defendants were deliberately indifferent to his serious medical needs. He presents six distinct instances where he alleges that Defendants either delayed care or failed to provide adequate medical care. He also alleges that two Defendants, Loar and Strickland, are responsible based on their roles in overseeing the jail.

**A. Deliberate Indifference Serious Medical Needs**

The Eighth Amendment[1] governs the conditions under which convicted prisoners are confined and the treatment that they receive while in prison. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). The Supreme Court has interpreted the Eighth Amendment to prohibit "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976).

To prevail on a deliberate indifference claim against a jail doctor, the Plaintiff must demonstrate: (1) an objective component by showing he has a serious medical need; (2) a subjective component, by showing the official acted with deliberate indifference to that need; and (3) causation between that indifference and the

---

[1] "Technically, the Fourteenth Amendment Due Process Clause, not the Eighth Amendment prohibition on cruel and unusual punishment, governs pretrial detainees like [Plaintiff]. However, the standards under the Fourteenth Amendment are identical to those under the Eighth." *Goebert* 510 F.3d at 1326 (citations omitted).

plaintiff's injury. *See Estelle* 429 U.S. at 104-05; *Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1306-07 (11th Cir. 2009).

Negligence in diagnosing or treating a medical condition, including "an inadvertent failure to provide adequate medical care," does not state a valid claim for deliberate indifference. *See Estelle* 429 U.S. at 105-06. "[A] simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment" likewise does not support a deliberate indifference claim. *Harris v. Thigpen,* 941 F.2d 1495, 1505 (11th Cir. 1991).

The Eleventh Circuit has instructed that with respect to claims based on a delay in medical care, courts should consider "(1) the seriousness of the medical need; (2) whether the delay worsened the medical condition; and (3) the reason for the delay." *Goebert v. Lee Cty.,* 510 F.3d 1312, 1327 (11th Cir. 2007). Moreover, for a delay in medical treatment to rise to the level of a constitutional violation, the Plaintiff "must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment. . . ." *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1188 (11th Cir. 1994), *overruled in part on other grounds by Hope v. Pelzer,* 536 U.S. 730 (2002).

### a. Objective Component - Serious Medical Need

The objective component requires Plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal

6

civilized measure of life's necessities." *Hudson v. McMillian,* 503 U.S. 1, 8-9 (1992). "[A] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Center,* 40 F.3d 1176, 1187 (1994)(citations omitted), *overruled in part on other grounds, Hope v. Pelzer,* 536 U.S. 730, 739 n.9 (2002); *Andujar v. Rodriguez,* 486 F.3d 1199, 1203 (11th Cir. 2007). "[T]he medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" *Farrow v. West,* 320 F.3d 1235, 1243 (11th Cir. 2003)(quotation marks and citations omitted).

   **b. Subjective Component - Serious Medical Need**

Under the subjective component, the prisoner must establish: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Brown v. Johnson,* 387 F.3d 1344, 1351 (11th Cir. 2004); *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). A defendant who delays necessary treatment for non-medical reasons may exhibit deliberate indifference. *Hill v. Dekalb Reg'l Youth Det. Center,* 40 F.3d at 1190 n. 26; *H. C. by Hewett v. Jarrad,* 786 F.2d 1080, 1086 (11th Cir. 1986)(citing *Ancata v. Prison Health Servs., Inc.,* 769 F.2d 700, 704 (11th Cir. 1985)).

   **c. Supervisory Liability**

Supervisors can be held "liable under ... § 1983, for the unconstitutional acts of [their] subordinates if [they] personally participated in the allegedly unconstitutional conduct or if there is a causal connection between [their] actions ... and the alleged constitutional deprivation." *Douglas v. Yates*, 535 F.3d 1316, 1322 (11th Cir. 2008) (quotation marks omitted). A plaintiff may establish a causal connection by showing that: (1) "a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fail[ed] to do so"; (2) "the supervisor's improper custom or policy le[d] to deliberate indifference to constitutional rights"; or (3) "facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." *Id*. "The standard by which a supervisor is held liable in her individual capacity for the actions of a subordinate is extremely rigorous." *Doe v. School Bd. of Broward County, Fla.*, 604 F.3d 1248, 1266 (11th Cir. 2010) (quotation marks omitted).

## IV. Discussion

In reviewing the complaint it is evident that Plaintiff is dissatisfied with the medical care he has received as a pretrial detainee. While his dissatisfaction may be warranted it does not rise to the level of a constitutional violation. Plaintiff has been provided medical care and there has been no showing of a deliberate indifference to

any serious medical need. In the absence of a constitutional violation, the complaint should be dismissed for failure to state a claim upon which relief can be granted.

### A. Claim 1

Plaintiff arrived at the Indian River County Jail on October 17, 2017. [ECF No. 17 at 14]. Upon his arrival he had a fractured clavicle and was in critical condition due to gunshot wounds. [*Id.*]. He was placed in a medical isolation cell and assessed by medical staff, including Defendants Jones and Paz, who were aware that his clavicle had been fractured. [*Id.*]. Defendant Dr. Silverman did not see Plaintiff but signed off on his medical records the day he arrived. [*Id.*]. Plaintiff alleges that Jones and Paz ignored his requests for medical attention on October 18 and claims he only received medical attention after contacting his mother. [*Id.*]. During a medical examination, staff discovered he had a fever of 103.6°. [*Id.*]. He was transferred to the Indian River Medical Center. [*Id.*].

At the medical center it was determined that Plaintiff had developed a blood infection and acute osteomyelitis bone infection. [*Id.*]. He was then transferred to Holmes Regional Medical Center where he underwent four surgeries between October 20 and November 2, 2017. [*Id.*]. As a result, his physical therapy was delayed which led to permanent drop foot. [*Id.*].

Plaintiff has failed to state claim of deliberate indifference. Although he has alleged a serious medical condition, his allegations do not establish that Defendants

9

acted with deliberate indifference. Plaintiff was assessed by medical staff upon his arrival on evening of October 17, 2017. When staff was aware of his serious medical condition he was transported to a medical center for evaluation. He received treatment for a bone infection and underwent four surgeries to address the infection. Plaintiff has not alleged that the delay in being transported to an outside facility caused any exacerbation of his condition or that he could have avoided an infection if Defendants had acted sooner. In the absence of deliberate indifference or any actual injury, Plaintiff has failed to state claim upon which relief can be granted. Plaintiff's first claim should be dismissed.

### B. Claim 2

After he returned to jail, Plaintiff was placed in a medical isolation cell. [*Id*. at 15]. On November 4, he began to have extreme pain in his left leg. [*Id*.]. He alleged that his left leg would get "ice cold" from the knee down after a few minutes of sitting in a wheelchair. [*Id*.]. He alerted Jones and Paz about the issue and was advised to elevate his leg. [*Id*.]. Over the next couple of weeks, the same issues continued and worsened but he received no response to his medical requests. [*Id*.]. On December 19, 2017 Silverman ordered an intravenous ultrasound. [*Id*.]. Plaintiff was taken to IRMC where an ultrasound revealed a "PVT" blood clot in his left leg.

[*Id*.]. Plaintiff claims that he was told that if the clot had gone to his heart he would have died. [*Id*.].

Plaintiff's allegations do not establish an objectively serious medical need that was ignored. He alleges that he had some pain in his left leg and complained to the nurses. However, pain in the left leg where Plaintiff had been shot is not, standing alone, an objectively serious medical need. Defendants were aware of Plaintiff gunshot injuries and he was being treated for those injuries. However, even assuming that he has established a serious medical need, he has not established that Defendants were deliberately indifferent. Upon his complaint of leg pain Defendants Paz and Jones advised Plaintiff to elevate his leg. Defendant Silverman ordered Plaintiff taken for an ultrasound which revealed a blood clot. Rather than ignore Plaintiff's condition it was diagnosed and treated. Other than alleging what "might have been," Plaintiff has not alleged that the delay worsened his condition or that he suffered harm. In the absence of deliberate indifference that caused harm, Plaintiff has failed to state a claim upon which relief can be granted. This claim should be dismissed.

### C. Claim 3

On May 18, 2018, Plaintiff went to sick call for treatment of an ingrown toenail. [*Id*.]. Paz told him that Indian River County Jail does not treat ingrown toenails, however a nurse cleaned the wound and put a bandage on it. [*Id*.]. Over the next three months the ingrown toenail became infected. [*Id*.]. Plaintiff again sought

medical attention and was seen by Paz who placed him on a list to see the doctor. [*Id*.]. After Dr. Silverman examined Plaintiff, he ordered a podiatrist appointment. [*Id*.]. The podiatrist cut out the "badly infected ulcerated area out so the toe could begin healing." [*Id*. at 15-16]. Plaintiff was placed on antibiotics and the Indian River County Jail was given wound care instructions. [*Id*. at 16]. The instructions for changing the wound dressing were "rarely followed" and the toe became worse and again became infected. [*Id*.]. Plaintiff was sent to an infectious disease doctor at IRMC to determine if he had a bone infection. [*Id*.]. The toe began "oozing yellow fluid" and Plaintiff was admitted to an emergency room on August 20, 2019. [*Id*.]. He now receives daily wound care although he claims the toe is almost healed. [*Id*.].

Plaintiff has failed to state claim upon which relief can be granted. As set forth in the complaint Defendants again initial treatment for his ingrown toenail. After he developed an infection he was given an appointment to see Dr. Silverman who referred him to a podiatrist for treatment. After the infection returned, Plaintiff was taken to an emergency room and is currently receiving daily wound care and his toe has been healing. Under these facts, Plaintiff cannot establish deliberate indifference to a serious medical need. This claim should be dismissed.

**D. Claim 4**

On June 1, 2019, Dr. Silverman and Jones stopped providing Plaintiff with Gabapentin which he had been prescribed for neuropathy and nerve damage. [*Id*.].

The medication was halted "because it was becoming a controlled substance in Florida. [*Id*.]. At some point Plaintiff was prescribed Cymbalta as an alternative which he claims had no effect. [*Id*.]. Jones denied any other alternative and referred Plaintiff to Silverman but no alternative was provided. [*Id*.]. However, in February or March 2020 Plaintiff again began receiving Gabapentin and something else for his pain. [*Id*. at 17]. Plaintiff claims that for nine months he suffered extreme pain without Gabapentin. [*Id*.].

A dispute over the nature of medical care is not deliberate indifference. Here Plaintiff had a prescription for a particular medication but Defendants changed his prescription due to a change in Florida law. After several months the original prescription was restored. "A simple difference in medical opinion between the medical staff and an inmate as to the latter's diagnosis or course of treatment does not establish deliberate indifference." *Baez v. Rogers*, 522 F. App'x 819, 821 (11th Cir. 2013). Here since an alternative medication was offered Plaintiff cannot establish that Defendants were deliberately indifferent. This claim should be dismissed.

### E. Claim 5

Plaintiff alleges he has a tooth with infected gums and two teeth with exposed nerves which need crowns. [*Id*.]. Plaintiff claims he has been requesting dental treatment since December 2017 but was told by Defendant Paz that the jail only

13

provides emergency dental procedures. [*Id*.]. Later, when Jones became Director of Nurses, Plaintiff requested dental treatment and was again advised that only emergency dental care was provided. [*Id*.]. Plaintiff alleges that jail policy states that all emergency and necessary dental care will be provided when the health of an inmate is adversely affected. [*Id*.]. Plaintiff refuses to have the teeth extracted and alleges that he has not been provided "seriously needed dental treatment." [*Id*.].

Before this screening report could be completed, Plaintiff filed an emergency motion for injunctive relief. [ECF No. 24].[2] In that motion he alleges a dentist had advised him that he requires endodontic therapy for one tooth and crowns on two other teeth. [*Id*. at 1]. He claims that the two teeth that require crowns are causing him significant pain. [*Id*. at 2]. He alleges that these teeth are "fixable and extraction is not medically necessary at this time." [*Id*. at 4]. The cause of Plaintiff's dental problems is an infection and he is currently receiving antibiotics for another issue involving his toe. [*Id*.]. No additional antibiotics are necessary according to the medical provider who diagnosed his dental problems. [*Id*.].

Plaintiff alleges that his dental needs have been diagnosed by a dentist and that he is being denied treatment. However, according to Plaintiff's attached exhibits he has been referred to a dentist and received two plans of treatment. [ECF No. 17

---

[2] Plaintiff's Emergency Motion is addressed in more detail in a separate Report.

at 47-52]. Plaintiff was advised that he could be provided pain relief, an extraction, or "otherwise [your] family can prepay for your caps." [*Id*. at 48].

Plaintiff has failed to state a claim for relief because he has failed to allege a serious medical need. "In certain circumstances, the need for dental care **combined with the effects of not receiving it** may give rise to a sufficiently serious medical need to show objectively a substantial risk of serious harm." *Farrow v. West*, 320 F.3d 1235, 1243–44 (11th Cir. 2003)(emphasis added). Here Plaintiff has merely alleged that Defendants have not provided dental care beyond offering extraction. He has not alleged that the denial of the dental care he desires has caused any serious medical harm. Furthermore, it is clear from the allegations that the Defendants have offered to provide the dental services requested so long as Plaintiff's family pre-pays for the procedure. In the absence of a serious medical need Plaintiff has failed to state a claim on which relief can be granted.

### F. Claim 6

On December 19, 2017, Paz and Silverman refused to help Plaintiff obtain a prescription for an ankle orthotic brace he needed to help him walk. [*Id*. at 18].

Eventually Plaintiff obtained the orthotic at a follow-up appointment at Holmes Regional Hospital. [*Id.*].

Given the paucity of allegations of a serious medical need and the ultimate resolution of the request for an orthotic, this claim should be denied for failure to state a claim upon which relief can be granted.

### G. Supervisory Liability

As discussed in this report, Plaintiff has failed to state any claims of a constitutional magnitude based on the medical care he has received at the Indian River County Jail. In the absence of such claims, his claim that Sheriff Loar and Major Strickland are liable for violating his constitutional rights in their supervisory capacity must also fail. The claims against these two Defendants should be dismissed.

## V. Conclusion

None of Plaintiff's claims state a *prima facie* case of deliberate indifference to serious medical needs against any of the Defendants.

## VI. Recommendations

Based upon the foregoing, it is recommended that the complaint be dismissed without prejudice for failure to state any claims upon which relief can be granted.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar a

party from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

DONE AND ORDERED at Miami, Florida, this 8th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:
    Ward Lawrence Kenyon
    2017-4383
    Indian River County Jail
    Inmate Mail/Parcels
    4055 41st Avenue
    Vero Beach, FL 32960
    PRO SE