UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-14048-CV-ROSENBERG
MAGISTRATE JUDGE REID

WARD LAWRENCE KENYON,

     Plaintiff,

v.

DERYL LOAR, *et al.*,

     Defendants.
_____/

## REPORT OF MAGISTRATE JUDGE RE:
## MOTION FOR EMERGENCY PRELIMINARY INJUNCTION

### I. Introduction

Plaintiff, **Ward Kenyon**, a pretrial detainee at the Indian River County Jail, has filed a Motion for Emergency Preliminary Injunction Granting Intermediate Relief [ECF No. 24] requesting that he receive dental treatment *See* [ECF No. 24].

This cause has been referred to the Undersigned for Report and Recommendation on any dispositive matter pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Fla. Admin. Order 2019-2. [ECF No. 2]. Accordingly, as discussed below, the Undersigned **RECOMMENDS** that Plaintiff's Motion [ECF No. 24] be **DENIED.**

## II. Background

On May 17, 2020, Plaintiff filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 arising from a  myriad of  alleged constitutional violations. [ECF No. 17]. The report is currently pending screening.

On August 31, 2020, Plaintiff filed this Motion, alleging that he requires emergency dental treatment. [ECF No. 24 at 1]. Plaintiff is requesting that the Court enter a temporary injunction directing the Indian River County Jail (the "IRCJ") to provide him with medically needed dental care. [*Id*. at 9].

Plaintiff alleges he has a tooth with infected gums and two teeth with exposed nerves which need crowns. [*Id*.]. Plaintiff claims he has been requesting dental treatment since December 2017, but was told by Defendant Paz that IRCJ only provides emergency dental procedures. [*Id*.]. Later, when Jones became Director of Nurses, Plaintiff requested dental treatment and was again advised that only emergency dental care was provided. [*Id*.]. Plaintiff alleges that the IRCJ policy states that all emergency and necessary dental care will be provided when the health of an inmate is adversely affected. [*Id*.]. Plaintiff refuses to have the teeth extracted and alleges that he has not been provided "seriously needed dental treatment." [*Id*.].

Plaintiff filed an emergency motion for injunctive relief. [ECF No. 24]. According to Plaintiff, a dentist has advised him that he requires endodontic therapy for one tooth and crowns on two other teeth. [*Id*. at 1]. He claims that the two teeth

that require crowns are causing him significant pain. [*Id*. at 2]. He alleges that these teeth are "fixable and extraction is not medically necessary at this time." [*Id*. at 4]. The cause of Plaintiff's dental problems is an infection and he is currently receiving antibiotics for another issue involving his toe. [*Id*.]. No additional antibiotics are necessary according to the medical provider who diagnosed his dental problems. [*Id*.].

Plaintiff alleges that his dental needs have been diagnosed by a dentist and that he is being denied treatment. However, according to Plaintiff's attached exhibits he has been referred to a dentist and received two plans of treatment. [ECF No. 17 at 47-52]. Plaintiff was advised that he could be provided pain relief, an extraction, or "otherwise [your] family can prepay for your caps." [*Id*. at 48].

### III. Discussion

The grant or denial of a preliminary injunction is within the sound discretion of the district court and will not be disturbed absent a clear abuse of discretion. *See Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). The standard for issuing a preliminary injunction, which is the same as is required for a temporary restraining order, is an extraordinary remedy. *See California v. Am. Stores Co., et al.*, 492 U.S. 1301 (1989); *see also Johnson v. U.S. Dep't of Agric.*, 734 F.2d 774 (11th Cir. 1984). In order for a preliminary injunction to issue, the party seeking relief must demonstrate the following four factors:

1.  a substantial likelihood that he will prevail on the merits;

2.  a substantial threat that he will suffer irreparable injury if the injunction is not granted;

3.  that the threatened injury to him outweighs the potential harm the injunction may do to the defendant; and,

4.  that the public interest will not be impaired if the injunction is granted.

*DeYoung v. Owens*, 646 F.3d 1319, 1324 (11th Cir. 2011).

Moreover, a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly establishes the burden of persuasion as to all four prerequisites. *See Forsyth Cty. v. U.S. Army Corps of Engineers*, 633 F.3d 1032, 1039 (11th Cir. 2011) (citations omitted).

First, Plaintiff fails to show a substantial likelihood of success on the merits because he has failed to state a claim for relief. "In certain circumstances, the need for dental care **combined with the effects of not receiving it** may give rise to a sufficiently serious medical need to show objectively a substantial risk of serious harm." *Farrow v. West*, 320 F.3d 1235, 1243–44 (11th Cir. 2003)(emphasis added). Here, Plaintiff has merely alleged that Defendants have not provided dental care beyond offering extraction. He has not alleged that the denial of the dental care he prefers has caused any serious medical harm. Furthermore, it is clear from the allegations that the Defendants have offered to provide the dental services requested

4

so long as Plaintiff's family pre-pays for the procedure. In the absence of a serious medical need, Plaintiff has failed to state a claim on which relief can be granted.

Since Plaintiff cannot establish that is likely to prevail on the merits, he has failed to meet his burden of demonstrating the existence of the necessary prerequisites for issuance of a preliminary injunction.

## IV. Recommendations

Accordingly, based on the foregoing, it is **RECOMMENDED** that Plaintiff's Motion [ECF No. 24] be **DENIED**.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

DONE AND ORDERED at Miami, Florida, this 8th day of September,2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:

Ward Lawrence Kenyon
2017-4383
Indian River County Jail

Inmate Mail/Parcels
4055 41st Avenue
Vero Beach, FL 32960
PRO SE